Bergan, J. (dissenting).
It is settled constitutional law that if a man is called before a Grand Jury and questioned about material facts of a crime and gives answers on those facts, he may not thereafter be indicted by the Grand Jury on such testimony. This principle is based on a policy of protection from self incrimination (People v. Steuding, 6 N Y 2d 214).
The New York statute granting immunity (Code Grim. Pro., § 619-c) implements this principle by providing that when a witness refuses to answer on the ground of self incrimination the Grand Jury or other appropriate authority may confer immunity and require the answer be given. The immunity conferred is against a prosecution “ on account of any transaction, matter or thing concerning which ’ ’ he gave answer (subd. 2).
In the present case the statute was not literally followed in one of the cases because one defendant (Piccirillo) had not preliminarily refused to testify on the ground of self incrimination; but the Grand Jury cut short the process by granting immunity when the defendant was called as a witness. The other defendant (La Bello) refused to testify and then was granted immunity. The basic problem, however, is the same in each case.
*607 Whether the immunity resulted as an exercise of statutory power of the Grand Jury or not, it occurred, nevertheless, as a result of the general protection against self incrimination and hence defendants should not have been prosecuted on a crime concerning some essential part of which they testified before the Grand Jury.
The only remaining points are whether the testimony they gave was material to the crime for which they were indicted and whether they were then (when called before the Grand Jury) reasonably to be regarded as targets of the prosecution, as the indictment itself shows they indubitably became, when, a short time after, they were indicted.
Long before the time they were called before the Grand Jury, and contemporaneously with the attempted bribery, a report of that crime had been made to the District Attorney by the police and it was the District Attorney’s duty to prosecute for that crime. Thus, when defendants were called before the Grand Jury they were cast in the dual role of witnesses and probable defendants.
But they were also asked material questions having relevancy to the attempt to bribe the policeman to get rid of one of the weapons which was material evidence in the other criminal charge. On this charge, reported by the police a year earlier, they were indicted by the Grand Jury which heard them as witnesses.
Each defendant testified to the description of the tire irons which had been used in the assault. The police witness then brought the tire irons physically before the Grand Jury and testified that defendants had offered a bribe to him if he would, as he said, ‘ ‘ get rid of one of the weapons * * * get rid of the evidence ”.
The relevancy of their testimony to the charge on which they were indicted is manifest. That they had committed the crime concerning which they sought to bribe the policeman not to testify was a basic premise of the bribery. The weapons they told the Grand Jury they had used were vital to the policeman’s testimony that they had attempted to bribe him “ to get rid of the evidence ”.
The use of their testimony could not have been inadvertent. Almost immediately after defendants’ testimony the Grand *608 Jury heard proof of a bribe in relation to the very things defendants were questioned about. The indictment for bribery followed this testimony. It is clear when they were called the People intended to seek to indict them. They were asked to testify to facts which were essential and relevant elements in the crime for which they were indicted.
The majority opinion concedes under the circumstances in this case the testimony of defendants as a matter of law ‘ ‘ could not furnish the basis for a finding of an indictment ’ ’ but adds that the record ‘ ‘ demonstrates that it did not ’ ’.
The record is not to be read this way. The attempted bribe of the policeman related to a crime for which he had arrested defendants. They testified about that crime. The bribe related to an exhibit or exhibits with which the crime was committed. Defendants testified about them.
It is not possible on this record, then, to insulate this testimony from the resulting indictment. It has long been the settled law of New York that a prospective defendant obtained complete immunity if his testimony was material to the prosecution and was compelled (People v. De Feo, 308 N. Y. 595, 602-603; Matter of Doyle, 257 N. Y. 244; People ex rel. Lewisohn v. O’Brien, 176 N. Y. 253; People v. Sharp, 107 N. Y. 427).
The majority opinion stresses the ambiguity in construing immunity statutes and suggests that to construe them too inclusively is to give an unnecessary “gratuity” to crime. That is not the question in this present case.
The question is whether, having been asked about facts relevant to a crime in which they were probable defendants, they could thereafter be indicted by any Grand Jury for that crime.
The cited decisions of the Supreme Court in Malloy, v. Hogan (378 U. S. 1), which equated the protection against State infringement of the privilege to a Federal infringement of it; in Murphy v. Waterfront Comm. (378 U. S. 52), which extended, to protect against subsequent Federal utilization, protection obtained under a State immunity law; and in Gardner v. Broderick (392 U. S. 273) which reversed a decision of this court (20 N Y 2d 227) upholding the discharge of a policeman for refusing to waive immunity, have little relevancy to the problem now before the court.
*609 This present case does not involve the problem of “ leads ” to evidence, or the sufficiency of evidence other than that adduced from defendants. Possibly the People had enough other evidence to obtain an indictment. But, for some reason not made clear—■ either strategy or perfection-—-they adduced from the defendants themselves material evidence considered in indicting them.
The judgments should be reversed.
Judges Burke, Scileppi and Jasen concur with Judge Keating; Judge Bergan dissents and votes to reverse in a separate opinion in which Chief Judge Fuld and Judge Breitel concur.
Judgments affirmed.